PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 2000 Audi S4 sedan struck a raised section of pavement on U.S. Route 50, east of Bridgeport, Harrison County. U.S. Route 50 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred between 8:45 p.m. and 9:00 p.m. on February 1,2008. The speed limit on this particular area of U.S. Route 50 is twenty-five miles per hour. At the time of the incident, the claimant was driving from Grafton, where he works, to his father’s home in Bridgeport. As he was driving in the westbound lane of U.S. Route 50 at between fifteen to twenty-five miles per hour, his vehicle struck a raised section of pavement. Claimant testified that he travels this road on a daily basis. He stated that a housing development was being constructed in this area, and a broken water line on the construction site caused the deterioration on the road. Fie testified that the eastbound lane was closed at the time of the *49 incident. Claimant asserts that respondent should have closed the westbound lane prior to this incident or made it passable. As a result of this incident, claimant’s vehicle sustained damage to the vehicle’s front passenger’s side tire and rim in the total amount of $694.94. Claimant’s insurance deductible was $1,000.00 at the time of the incident.
The position of the respondent is that it did not have actual or constructive notice of the condition on U.S. Route 50. David Cava, Highway Administrator for respondent in Harrison County, testified that U.S. Route 50 is a first priority road in terms of its maintenance. Mr. Cava stated that there was a slip in the road, and a portion of the road surface was raised in this area. He explained that the condition was caused by moisture in the road surface. Respondent closed the eastbound lane first to perform milling and patching activities. During the time that the eastbound lane was closed, respondent placed temporary traffic signals and signs to direct traffic onto the portion of the road that was most passable. Although respondent was engaged in milling activities to smooth out the raised portion on the westbound lane, the road continued to deteriorate. After the claimant’s incident, respondent closed both lanes of traffic to perform repairs on the road.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had, at the least, constructive notice of the raised section of pavement on U.S. Route 50. Since the condition on U.S. Route 50 created a hazard to the traveling public, the Court finds respondent negligent. Thus, claimant may make a recovery for the damage to his vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in the amount of $694.94.
Award of $694.94.